## AMES *vs.* BLUNT and others.

Practice, under the revised statutes, as to removing causes from a vice chancellor to the chancellor before hearing, and as to referring causes and motions to a vice chancellor for his decision.

If a cause commenced before a vice chancellor is directed to be heard by the chancellor, the whole cause is before the chancellor ; and all orders and decrees thereafter made by him are to be entered with the register or assistant register.

Where the chancellor holds a term of the vice chancellor's court, the orders and decrees made by him are to be entered with the clerk of the vice chancellor.

Where the vice chancellor has been counsel in a cause pending before him, or is otherwise legally incompetent to decide the same, or any motion or petition in the cause, the chancellor may direct the same to be heard before himself, or he may refer the same to the vice chancellor of any other circuit.

When a cause pending before the chancellor is in readiness for a hearing, either party may apply for leave to have it heard before a vice chancellor. The petition for such reference should state the situation of the cause ; and notice of the application must be given to the adverse party.

If a greater number of causes are placed on the calendar of the chancellor or submitted to him, than he can hear and decide, he will without any application from either party, refer such causes as he thinks proper to the vice chancellors.

Principles on which selections of causes for the decision of vice chancellors will be made.

Where the order referring a cause to a vice chancellor to hear and decide the same is general, the whole cause is before him, and all subsequent orders and proceedings therein are to be made and had before the vice chancellor.

Where some particular motion or branch of a cause only is referred to a vice chancellor, the general proceedings in the cause must continue to be had before the chancellor.

1830.

Ames
v.
Blunt.

March 16th.

If a special motion or other special application is referred to a vice chancel-
lor for his decision, the chancellor may at the same time direct that all oth-
er proceedings and questions in the cause be had and heard before such
vice chancellor.

THIS suit was originally commenced before the chancellor,
who from the press of business before him not having
time to hear the same, referred it to the vice chancellor
of the first circuit, to be heard and decided by him; with
liberty to either party to bring the same to a hearing at
the next or any subsequent term of such vice chancel-
lor's court, on the usual notice. A question having arisen
before the vice chancellor as to his jurisdiction and powers
under the order of reference, it was submitted to the chan-
cellor for his decision. He thereupon delivered the follow-
ing opinion:

THE CHANCELLOR. The question immediately before me
does not call for the consideration of all of the provisions of
the revised statutes as to the jurisdiction, powers and duties
of the several officers of this court. It may, however, be
useful, and save much litigation and expense, at once to ex-
amine and settle the construction of these various provisions.
By the constitution, the powers of this court are vested in
the chancellor as the supreme judge thereof. These pow-
ers cannot be taken from him by any act of the legislature;
neither was it intended to be done by any provision of the re-
vised statutes. Independent of the provision in the fifth sec-
tion of the fifth article of the constitution, the legislature may
direct the appointment of other officers of this court to per-
form such subordinate duties therein as shall from time to
time be found necessary for the more convenient administra-
tion of justice. And by that special provision of the consti-
tution, they are expressly authorized to vest those subordi-
nate powers and duties in the circuit judges, ex officio.

The relation which the several vice chancellors bear to
the chancellor under the revised statutes, is substantially
the same as that which the master of the rolls and vice chan-
cellor of England bear to the chancellor there. The mas-
ter of the rolls has concurrent power with the chancellor to
hear and determine originally the same causes and matters

as the chancellor; except in lunacy and bankruptcy, which in England do not belong to the court but to the chancellor in person. This is substantially the same jurisdiction as that conferred upon the circuit judges in their several circuits under the second section of that title of the revised statutes which relates exclusively to this court. (2 R. S. 168, § 2.) The office of vice chancellor, in England, was created by the act of the 23d of March, 1813. (Statutes at large, ch. 24.) He is authorized to hear and determine all causes and matters pending in the court of chancery as the lord chancellor shall from time to time direct; but he cannot reverse, alter, or discharge any decree or order made by the master of the rolls or of the lord chancellor, without the special authority of the latter. This is the same power conferred upon the circuit judges by sections four and six of the title of the revised statutes before referred to, and subject to the same restriction which is found in the third section. The powers and duties of masters and examiners are also conferred upon the vice chancellors in certain cases. (2 R. S. 169, § 5, 6; 180, § 84, 85; 626, § 8.

When the proceedings are originally commenced before a vice chancellor in a case where he has jurisdiction under the second section, he has as full power as the chancellor himself to hear and finally decide the cause; and to enforce the performance of any order or decree therein, and to revise and correct the proceedings of any inferior officer of the court. But all decrees and orders made by him are subject to be reversed, discharged, or altered by the chancellor, on appeal. (2 R. S. 177, § 57.)

Where a cause commenced before a vice chancellor is in readiness for hearing, the proceedings may be removed and the cause heard before the chancellor in person, whenever from the difficulty of the case or for any other reason the latter may think proper so to direct. (2 R. S. 178, § 63.) If a cause is brought before the chancellor under this provision of the revised statutes, the whole case is before him. The orders and decrees made therein by the chancellor are to be entered with the register or assistant register. And all subsequent proceedings are to be before the chancellor,

unless by his order the cause is again remitted to the vice chancellor. But where the chancellor or the vice chancellor of another circuit holds the stated term of a vice chancellor, as authorized by the fifty-third section, (2 R. S. 177, § 53,) the order or decree is to be entered as having been made by the chancellor, or substituted vice chanceller, holding the stated term of the vice chancellor of the particular circuit where the proceedings were pending. And it must be entered in the office of the clerk residing in such circuit. In such cases the subsequent proceedings in the cause will remain, and be continued before the vice chancellor of that circuit. The fifty-third section has made no provision for the hearing and deciding of a special motion, or other collateral application in the cause, in vacation. Nor does it provide for a case where it would be inconvenient for the chancellor or the vice chancellor of another circuit to hold the stated term of a vice chancellor who had been counsel in the cause, or who for any other reason could not hear and decide upon the motion or other application. In such cases there can be no doubt of the right of the chancellor to direct the motion or application to be made before himself. And under the general power given by the sixth section, (2 R. S. 169, § 6,) he may authorize the same to be heard and decided by the vice chancellor of any other circuit, at such time and place as will be most convenient to such vice chancellor and to the parties in the cause.

The fourth section of this title provides that the hearing and decision of any motion or of any cause set down for hearing before the chancellor, may be referred by his order to any vice chancellor, subject to the appellate jurisdiction of the chancellor, (2 R. S. 169.) The practice of entering an order and setting down a cause for hearing was abolished by the rule of the 4th of August, 1823. By the former practice an order to set the cause down might be entered at any time after the cause was in readiness for hearing. The proper construction of that part of the section therefore is, that either party may apply to the chancellor, as soon as the cause is in readiness, for leave to bring the same to hearing before such vice chancellor as may be most convenient

1830.

Ames
v.
Blunt.

to the parties or their counsel and who has sufficient leisure to hear and decide the cause. The petition on which such application is founded should state the nature of the suit, and show that it is in readiness for hearing, either upon bill and answer, plea or demurrer, or on pleadings or proofs, or otherwise. And due notice of the application must be given to the adverse party. If the parties neglect to make such application, and more causes are placed upon the calendar of the chancellor than he is able to hear and decide, he will, without the request of either party, refer such causes as he is unable to hear in person to such vice chancellor as is most convenient. Under this provision of the revised statutes, the chancellor will retain such causes to be heard before himself as, from the nature of the litigation or the amount in controvesy, will be likely to be carried up by appeal ; and also such causes as have been partially examined by him on the merits, upon motion to dissolve an injunction or otherwise. Mortgage cases and other causes in which there is no real litigation, and which are entitled to a preference by being placed in either of the three first classes on the calendar, will not be referred to a vice chancellor unless some special reasons are shown which may render such reference necessary.

When the order referring the cause to a vice chancellor to hear and decide the same is general, the whole cause is to be considered before the vice chancellor, as fully as if the original proceedings had been commenced before him ; subject to the restrictions which are contained in the third section. And all motions, petitions, and other questions which are subsequently made or presented, or which may arise in the cause, must be heard and decided by the vice chancellor, unless otherwise specially directed in the order of reference. But where a special motion or petition, which only relates to some collateral matter or particular branch of the cause, is referred to a vice chancellor to hear and decide thereon, the cause still remains before the chancellor. Every proceeding which is necessary or proper to enable the vice chaucellor to decide the particular matter referred to him, may be done under his order or direction. He may therefore direct a reference to a master to ascertain facts, make an order for the production of books and papers &c.

and may enforce the observance of any such order made by him, in the same manner as if the whole case was before him. As to every other branch of the cause, the proceedings must still be had before the chancellor, as if no such reference of the particular matter had been made.

Even in these cases of the reference of a motion or other special application to a vice chancellor, the authority given to the chancellor by the sixth section is sufficiently extensive to enable him to direct all other questions and proceedings in the cause to be had and heard before the vice chancellor to whom the particular matter is referred. In such a case a special provision to that effect may be inserted in the order of reference.

This cause having been referred generally to the vice chancellor of the first circuit to hear and decide the same, all special motions and other proceedings therein, while the cause remains with him, must be made and had before the vice chancellor.